IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

CYRIL MADUKWE,                          *
                                        *
                    Plaintiff,          *     C.A. No.: 07-775
                                        *
        v.                              *
                                        *
DELAWARE STATE UNIVERSITY,              *
an institution of higher                *     NOTICE
education and corporate body;           *
FINANCIAL AID SERVICES, INC.,           *
a foreign corporation; ALLEN            *
L. SESSOMS, individually and            *
in his official capacity as             *
President of Delaware State             *
University; MARK FARLEY,                *
individually and in his                 *
official capacity as Vice               *
President for Human Resources           *
and Legislative Affairs of              *
Delaware State University;              *
CAROLYN CURRY, individually             *
and in her official capacity            *
as Vice President for                   *
Institutional Advancement of            *
Delaware State University;              *
DARYLANN THOMAS, individually           *
and in her official capacity            *
as Interim Assistant Vice               *
President for Enrollment                 *
Services of Delaware State              *
University; and PENELOPE                *
HOWE, individually and in her           *
official capacity as Assistant          *
Vice President for Business             *
and Finance of Delaware State           *
University,                             *
                                        *
                    Defendants.         *

     Pursuant to Rule 4(h), now to-wit, this 18th day of December A.D.
2007, comes the Plaintiff by his attorneys, Schmittinger and Rodriguez,
P.A., and amends the Complaint in the above-captioned case by adding
thereto the following:

STATE OF DELAWARE        *
                         *      SS:
COUNTY OF KENT           *

BE IT REMEMBERED, that on this 18th day of December A.D. 2007, personally came before me, the Subscriber, a Notary Public in and for the State and County aforesaid, Noel E. Primos, attorney for the Plaintiff, who being sworn according to law, did depose and say as follows:

1.    That to the best of his knowledge, the Defendant is a nonresident of the State of Delaware whose name and address is as follows: Financial Aid Services, Inc., Attn: David Gray, 180 Interstate North Parkway, Suite 550, Atlanta, Georgia 30339.

2.    That on November 28, 2007, the Complaint in the above-captioned case was filed.

3.    That on December 4, 2007, the Plaintiff filed his return of service by process server Harold K. Brode, a copy of which is attached hereto as Exhibit "A".

4.    That on December 5, 2007, he, the said Noel E. Primos, caused a Notice and copies of the Complaint, Civil Cover Sheet, Cover Letter, Returns and Summons, copies of which are attached hereto as Exhibit "B", to be mailed by registered mail (registered number RR 442-561-435 US) return receipt requested to the following named Defendant: Financial Aid Services, Inc.

5.    That on December 17, 2007, he, Noel E. Primos, received from the

postal authority the return receipt signed by Theresa Siegut (unsure of correct spelling since agent did not print name) agent for named Defendant: Financial Aid Services, Inc.  The said receipt is attached hereto as Exhibit "C".

6.    That the said receipt has the same registered number, to-wit: RR 442-561-435 US, as the receipt received at the time of the mailing of the said Notice, attached hereto as Exhibit "D".

SCHMITTINGER & RODRIGUEZ, P.A.

BY: _____

NOEL E. PRIMOS
Bar I.D. #3124
414 S. State Street
P.O. Box 497
Dover, DE 19903
(302) 674-0140
Attorney for Plaintiff

DATED:

SWORN TO AND SUBSCRIBED before me the day and year aforesaid.

_____
NOTARY PUBLIC

JANET C. MILLER
COMMISSION EXPIRES
MARCH 18, 2011
NOTARY PUBLIC
STATE OF DELAWARE

# EXHIBIT A

## RETURN OF SERVICE

| | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE *12/4/07* |
| NAME OF SERVER *(PRINT)* *Harold K. Brode* | TITLE *Investigator (Schmittinger & Rodriguez)* |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

*Secretary of State        Dover, Del*

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: *Rebecca Daniels (Corporation Assistant)*

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on: *12/4/07*
Date

*Harold K. Brode*
Signature of Server
*414 S. State Street*
*Dover, Del 19901*
Address of Server *302/678-3488*

[1] As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

# EXHIBIT B

LAW OFFICES

# SCHMITTINGER AND RODRIGUEZ, P.A.

414 SOUTH STATE STREET
POST OFFICE BOX 497
DOVER, DELAWARE   19901
TELEPHONE 302-674-0140
FAX 302-674-1830

NICHOLAS H. RODRIGUEZ
PAUL H. BOSWELL
JOHN J. SCHMITTINGER
DOUGLAS B. CATTS
WILLIAM D. FLETCHER, JR.
CRAIG T. ELIASSEN
WILLIAM W. PEPPER SR.
CRYSTAL L. CAREY*
SCOTT E. CHAMBERS*
FRED A. TOWNSEND III
NOEL E. PRIMOS
DAVID A. BOSWELL
WALT F. SCHMITTINGER
R. SCOTT KAPPES
JEFFREY J. CLARK
BETH B. MILLER
KYLE KEMMER
KATHRYN J. GARRISON
ERIN K. FITZGERALD
RYAN C. MEADOWS
KRISTI N. VITOLA
B. BRIAN BRITTINGHAM

*ALSO ADMITTED IN MARYLAND

HAROLD SCHMITTINGER
OF COUNSEL

NEWARK OFFICE
CHRISTIANA EXECUTIVE CAMPUS
220 CONTINENTAL DRIVE, STE 203
NEWARK, DELAWARE 19713
TELEPHONE 302-894-1960
FAX 302-894-1965

REHOBOTH BEACH OFFICE
WACHOVIA BANK BUILDING
18489 COASTAL HIGHWAY, 2ND FLR
REHOBOTH BEACH, DELAWARE 19971
TELEPHONE 302-227-1400
FAX 302-645-1843

ODESSA OFFICE
ODESSA PROFESSIONAL PARK
POST OFFICE BOX 626
ODESSA, DELAWARE 19730
TELEPHONE 302-378-1697
FAX 302-378-1659

November 21, 2007

U.S. District Court
District of Delaware
Attn: Dr. Peter T. Dalleo
844 North King Street
Room 4209
Wilmington, DE 19801

**SENT VIA COURIER**

RE: CYRIL MADUKWE v. DELAWARE STATE UNIVERSITY and FINANCIAL AID SERVICES, INC.

Dear Dr. Dalleo:

I have enclosed the Complaint to be filed on behalf of my client, Cyril Madukwe, in the Cyril Madukwe v. Delaware State University and Financial Aid Services, Inc. matter.  Please mail a clocked in copy to my attention at my firm's office address.  Thank you for your assistance.

Very truly yours,

NOEL E. PRIMOS

cc: Cyril Madukwe

Enclosures

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Cyril Madukwe

**DEFENDANTS**
Delaware State University; Financial Aid Services, Inc.; Allen L. Sessoms; Mark Farley; Carolyn Curry; Darylann Thomas and Penelope Howe

**(b)** County of Residence of First Listed Plaintiff    Kent
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Noel E. Primos
Schmittinger & Rodriguez, P.A.
414 S. State St. Dover, DE 19903

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                    and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | | | Under Equal Access |
| | Employment | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | | | ☐ 950 Constitutionality of |
| | Other | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | |

**PERSONAL INJURY**
☐ 362 Personal Injury - Med. Malpractice
☐ 365 Personal Injury - Product Liability
☐ 368 Asbestos Personal Injury Product Liability
**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence
Habeas Corpus:
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. 2000e et seq; 42 U.S.C. 1981; 42 U.S.C. 1983
Brief description of cause: Plaintiff seeks damages for Defendants' interference with contract, discriminatory conduct.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE 11-21-07

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

.AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of          Delaware

CYRIL MADUKWE,

         Plaintiff,

         v.

FINANCIAL AID SERVICES, INC.,
a foreign corporation,

         Defendant.

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:    0 7 ‾ 7 7 5

**To:** (Name & Address of Defendant)

         Financial Aid Services, Inc.
         c/o Delaware Secretary of State
         401 Federal Street, Suite 3
         Dover, DE 19901

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

         Noel E. Primos, Esquire (Bar ID # 3124)
         Schmittinger & Rodriguez, P.A.
         414 S. State Street
         P.O. Box 497
         Dover, DE 19903

an answer to the complaint which is served on you with this summons, with ____20____ days after service of this summons on you, exclusive of the date of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

PETER T. DALLEO

NOV 2 8 2007

| | |
|---|---|
| CLERK | DATE |

_(signature)_

(By) DEPUTY CLERK

## RETURN OF SERVICE

| Service of the Summons and complaint was made by me[1] | DATE 12/4/07 |
|---|---|
| NAME OF SERVER *(PRINT)* Harold K. Brode | TITLE Investigator (Schmittinger & Rodriguez) |

*Check one box below to indicate appropriate method of service*

Served personally upon the defendant. Place where served:

Secretary of State    Dover, Del

Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: Rebecca Daniels (Corporation Assistant)

Returned unexecuted:

Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on: 12/4/07    Harold K. Brode
          Date        *Signature of Server*
                      414 S. State Street
                      Dover Del 19901
                      *Address of Server*    302/678-3488

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

CYRIL MADUKWE,                          *
                                        *
              Plaintiff,                *       C.A. No.:   ₌ 0 7 ⁻ 7 7 5 ,
                                        *
       v.                               *
                                        *
DELAWARE STATE UNIVERSITY,              *
an institution of higher                *       **COMPLAINT**
education and corporate body;           *
FINANCIAL AID SERVICES, INC.,           *       **TRIAL BY JURY DEMANDED**
a foreign corporation; ALLEN            *
L. SESSOMS, individually and            *
in his official capacity as             *
President of Delaware State             *
University; MARK FARLEY,                *
individually and in his                 *
official capacity as Vice               *
President for Human Resources           *
and Legislative Affairs of              *
Delaware State University;              *
CAROLYN CURRY, individually             *
and in her official capacity            *
as Vice President for                   *
Institutional Advancement of            *
Delaware State University;              *
DARYLANN THOMAS, individually           *
and in her official capacity            *
as Interim Assistant Vice               *
President for Enrollment                 *
Services of Delaware State              *
University; and PENELOPE                *
HOWE, individually and in her           *
official capacity as Assistant          *
Vice President for Business             *
and Finance of Delaware State           *
University,                             *
                                        *
              Defendants.               *

       1.    Plaintiff Cyril Madukwe is a resident of the State of

Delaware residing at 405 Dogwood Avenue, Dover, Delaware 19904.

       2.    Defendant Delaware State University is an institution of

higher education and a corporation created by the State of

Delaware, i.e., pursuant to 14 <u>Del</u>. <u>C</u>. §6501 *et seq.,* and is an

employer within the meaning of 42 U.S.C. § 2000e.

3.     Defendant Financial Aid Services, Inc., is a foreign corporation whose principal place of business is located at 180 Interstate North Parkway, Suite 550, Atlanta, Georgia 30339,  and is an employer within the meaning of 42 U.S.C. § 2000e.

4.     Defendant Allen L. Sessoms, at all times pertinent hereto, was the President of Defendant Delaware State University and an agent and employee of Defendant Delaware State University. Defendant Sessoms is an African-American male.

5.     Defendant Mark Farley, at all times pertinent hereto, was the Vice President for Human Resources and Legislative Affairs for Delaware State University and an agent and employee of Defendant Delaware State University.     Defendant Farley is a Caucasian American male.

6.     Defendant Carolyn Curry, at all times relevant hereto, was the Vice President for Institutional Advancement for Delaware State University and an agent and employee of Defendant Delaware State University.     Defendant Curry is a Caucasian American female.

7.     Defendant Darylann Thomas, at all times relevant hereto, was an employee and agent of Defendant Financial Aid Services, Inc., and was also an agent of Defendant Delaware State University serving as the Interim Assistant Vice President for Enrollment Services for Delaware State University.     Defendant Thomas is a Caucasian American female.

8.     Defendant Penelope Howe, at all times relevant hereto, was an Assistant Vice President for Business and Finance of Defendant Delaware State University. Defendant Howe is a Caucasian

American female.

9. This Court has original jurisdiction over Plaintiff's Federal law claims pursuant to 28 U.S.C. §§1331 and 1343.

10. This Court has pendent jurisdiction over Plaintiff's State law claims pursuant to 28 U.S.C. §1367.

11. Plaintiff is a male whose race is black and whose national origin is Nigerian, and at all times relevant to this Complaint, Plaintiff was employed by Defendant Delaware State University. In addition, at all times relevant to this Complaint, Defendant Financial Aid Services, Inc., served as a joint employer of Plaintiff with Defendant Delaware State University.

12. Plaintiff is a citizen of the United States of America.

13. Plaintiff timely filed a claim for discrimination on the basis of race, sex, and national origin with the Delaware Department of Labor and the Equal Employment Opportunity Commission.

14. The Equal Employment Opportunity Commission issued a right to sue notice for Plaintiff's federal discrimination claims against Defendant Financial Aid Services, Inc., on October 1, 2007. Because Delaware State University is a governmental agency, Plaintiff was required to seek a Notice of Right to Sue for his federal discrimination claims against the University from the United States Department of Justice. Said notice was issued on October 17, 2007. Plaintiff has timely filed this suit within 90 days of his receipt of both notices.

15. Plaintiff began employment with Defendant Delaware State University in 1986 as a trades helper.

16. Subsequently, Plaintiff worked to further his education while employed by Defendant Delaware State University, eventually obtaining both a bachelor's and a master's degree from the University.

17. As a result of the furtherance of his education, Plaintiff was able to obtain a position as a financial aid officer at the University in 1995.

18. At all times relevant hereto, Plaintiff satisfactorily performed the duties of his position as a financial aid officer.

19. Prior to 2006, Plaintiff's immediate supervisor was Carolyn Brinkley, the Director of Financial Aid for Delaware State University.

20. In early 2006, Ms. Brinkley was replaced by Defendant Darylann Thomas, who took the position of Interim Assistant Vice President for Enrollment Services for Delaware State University. At the time that Defendant Thomas held this position, she was also employed by Defendant Financial Aid Services, Inc.  In this position and as an agent of Defendants Delaware State University and Financial Aid Services, Inc., Defendant Thomas served as Plaintiff's immediate supervisor.

21. Plaintiff received a favorable evaluation on June 8, 2006.

22. During the period of time that he served in the financial aid office, Plaintiff was employed under a series of one-year contracts, which were renewed year by year based upon Plaintiff's continued satisfactory performance.

23. Effective July 1, 2006, Plaintiff was issued an

additional one-year contract through June 30, 2007.

24.    During the period of time that Defendant Thomas served as Plaintiff's immediate supervisor, she favored females of American origin in the Financial Aid Department over Plaintiff, including Kendall Demby and Desiree Williams.

25.    Defendant Thomas recommended Ms. Demby and Ms. Williams for promotion over Plaintiff, despite the fact that Plaintiff had significantly more experience and education than either Ms. Demby or Ms. Williams, and as a result both Ms. Demby and Ms. Williams were promoted to the position of Assistant Director of Financial Aid.

26.    Defendant Thomas also denied Plaintiff training that was given to Ms. Demby and Ms. Williams.

27.    Defendant Thomas made it known that Ms. Demby and Ms. Williams were in charge of the Financial Aid Department in her absence.  When Plaintiff queried Defendant Thomas regarding this, Defendant Thomas told Plaintiff that if he did not like it, he could request a transfer.

28.    Defendant Thomas harassed and mistreated Plaintiff, thereby attempting to force him to resign or request a transfer.

29.    Defendant Thomas informed Plaintiff that she preferred working with females.

30.    Defendant Thomas stripped Plaintiff of duties that he had traditionally handled.

31.    Defendant Thomas moved Plaintiff out of his private office and into another office to be shared with a male employee of Defendant Financial Aid Services, Inc., Calvin Davis.

32.  Defendant Thomas falsely accused Plaintiff of favoring students of African origin over other students.

33.  Defendant Thomas told Plaintiff that he was being denied requested vacation leave because the leave was not requested two weeks in advance, which Defendant Thomas claimed was required by the Professional Employee Handbook of Defendant Delaware State University.  However, the Professional Employee Handbook contains no such provision.

34.  When Plaintiff's leave was denied, Defendant Howe, who was also the paramour of Defendant Farley, participated in the denial of Plaintiff's leave.

35.  Defendants Thomas, Farley, Howe, Sessoms and Curry conspired together to secure the termination of Plaintiff.

36.  On September 26, 2006, Plaintiff was called to a meeting with Defendants Farley and Curry.  Plaintiff had no warning regarding this meeting. At the meeting, Farley told Plaintiff that he was not performing to the expectations of the University, but failed to provide Plaintiff with any specific regard in which his performance was allegedly deficient.  Farley asked that Plaintiff tender his resignation, and Plaintiff refused.  Farley then responded, "We're going to have to fire you," or words to that effect, and handed Plaintiff a termination letter dated September 26, 2006.  In the termination letter, Defendant Farley falsely accused Plaintiff of misrepresenting his relationship with his nephew as his son in a written submittal to the University, and of failing to contact his supervisor in the event of an absence.  The termination letter also falsely indicated that Defendant Thomas

had expressed concerns regarding Plaintiff's performance.

37. Subsequently, Plaintiff pursued all administrative remedies offered by Defendant Delaware State University, including successive hearings with Defendant Thomas, Defendant Curry, and Defendant Sessoms. However, these Defendants refused to reconsider the termination decision.

38. The stated reasons for Plaintiff's termination, as set forth in the September 26, 2006, termination letter authored by Defendant Farley, were pretextual and intended to mask the true reasons for the termination, i.e., discrimination on the basis of race, sex, and national origin.

39. In addition, as stated *supra*, Plaintiff was denied a promotion and harassed on the basis of his race, sex and national origin.

40. The "hearings" before Defendants Thomas, Curry, and Sessoms were merely *pro forma* and did not provide Plaintiff a legitimate opportunity to challenge his termination, and Plaintiff was thus denied due process.

41. The actions of Defendants in harassing Plaintiff, denying him a promotion, terminating him, and refusing to afford him due process were wrongful and discriminatory against Plaintiff on the basis of his race, sex, and national origin.

42. As a direct result of the actions of Defendants, Plaintiff has sustained damages, including but not limited to, severe emotional distress, pain and suffering, mental anguish, humiliation, and lost wages.

## COUNT I -- TITLE VII

43.  Plaintiffs restates and hereby incorporates by reference paragraphs 1 through 42 hereinabove.

44.  Defendants Delaware State University and Financial Aid Services, Inc., acting by and through their agents, discriminated against Plaintiff on the basis of his sex, race, and national origin by harassing him, denying him a promotion, and terminating him, and by treating Plaintiff differently than similarly situated employees of differing race, sex and national origin.

45.  Defendants Delaware State University and Financial Aid Services, Inc., acting by and through their agents, discriminated against Plaintiff on the basis of his sex, race, and national origin, in violation of 42 U.S.C. § 2000e *et seq.*, by subjecting him to a hostile work environment and by refusing to respond adequately and appropriately to his complaints.

46.  As a direct result of the discriminatory and retaliatory conduct of Defendants Delaware State University and Financial Aid Services, Inc., Plaintiff has suffered damages, including but not limited to, severe emotional distress, pain and suffering, mental anguish, humiliation, and lost wages.

WHEREFORE, Plaintiff demands judgment against Defendants Delaware State University and Financial Aid Services, Inc., jointly and severally, for:

(a)  back pay, including interest;

(b)  compensatory damages, including damages for emotional and physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary

damages;

(c)    punitive damages;

(d)    pre-judgment and post-judgment interest;

(e)    attorney's fees;

(f)    reinstatement or, if not available, front pay; and

(g)    any other relief that this Court deems just.

### COUNT II -- SECTION 1981

47.    Plaintiff restates and hereby incorporates by reference paragraphs 1 through 46 hereinabove.

48.    By denying Plaintiff a promotion, terminating him, and otherwise discriminating against him, Defendants have violated Plaintiff's rights pursuant to 42 U.S.C. §1981.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for:

(a)    back pay, including interest;

(b)    compensatory damages, including damages for emotional and physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary damages;

(c)    punitive damages;

(d)    pre-judgment and post-judgment interest;

(e)    attorney's fees;

(f)    reinstatement or, if not available, front pay; and

(g)    any other relief that this Court deems just.

### COUNT III -- SECTION 1983

49.    Plaintiff restates and hereby incorporates by reference paragraphs 1 through 48 hereinabove.

50. Defendants, acting under color of State law, have deprived Plaintiff of the rights afforded him under the United States Constitution and Federal law, in violation of 42 U.S.C. §1983. These rights include, but are not limited to, Plaintiff's rights to equal protection and due process of law, including both procedural due process and substantive due process, pursuant to the Fourteenth Amendment of the United States Constitution.

51. Such violations of law happened in the context of a continuing, widespread, and persistent pattern of Constitutional misconduct by the employees of Defendant Delaware State University and deliberate indifference to or tacit authorization of such conduct by Defendant Delaware State University's policy-making officials after notice to the officials of said misconduct.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for:

(a)  back pay, including interest;

(b)  compensatory damages, including damages for emotional and physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary damages;

(c)  punitive damages;

(d)  pre-judgment and post-judgment interest;

(e)  attorney's fees;

(f)  reinstatement or, if not available, front pay; and

(g)  any other relief that this Court deems just.

### COUNT IV -- BREACH OF CONTRACT

52. Plaintiffs restates and hereby incorporates by reference

paragraphs 1 through 51 hereinabove.

53.  By terminating Plaintiff's employment contract prior to the expiration of the one-year term and without any reasonable basis for doing so, Defendant Delaware State University breached that contract.

54.  Defendant Delaware State University's actions in breaching said contract were willful and/or wanton.

55.  As a direct result of the wrongful conduct of Defendants and their agents, Plaintiff has suffered damages, including but not limited to lost wages and all other available contractual damages.

WHEREFORE, Plaintiff demands judgment against Defendant Delaware State University for:

        (a)   back pay, including interest;

        (b)   all other available contractual damages;

        (c)   reinstatement, or if not available, front pay;

        (d)   pre-judgment and post-judgment interest;

        (e)   attorney's fees; and

        (f)   any other relief that this Court deems just.

### COUNT V -- TORTIOUS INTERFERENCE WITH CONTRACT

56.  Plaintiff hereby restates and reincorporates by reference paragraphs 1 through 55 hereinabove.

57.  Defendants Financial Aid Services, Inc., and Thomas, by their actions as described hereinabove, tortiously interfered with Plaintiff's employment contract with Defendant Delaware State University.

58.  As a direct result of said tortious conduct of

Defendants Financial Aid Services, Inc., and Thomas, Plaintiff has suffered damages, including but not limited to, lost wages and other pecuniary damages.

WHEREFORE, Plaintiff demands judgment against Defendants Financial Aid Services, Inc., and Thomas, jointly and severally, for:

(a)   back pay, including interest;

(b)   all other available pecuniary damages;

(c)   punitive damages;

(d)   pre-judgment and post-judgment interest;

(e)   attorney's fees;

(f)   reinstatement or, if not available, front pay; and

(g)   any other relief that this Court deems just.

## COUNT VI -- SLANDER

59.   Plaintiff hereby restates and reincorporates by reference paragraphs 1 through 58 hereinabove.

60.   Defendant Thomas, individually and as an agent of Defendants Financial Aid Services, Inc., and Delaware State University, as well as the other Defendants in this litigation, have made false oral statements regarding Plaintiff.

61.   Defendants knew said statements to be false when they made them.

62.   Defendants published said statements in an improper manner and for an improper purpose.

63.   Defendants made such statements with actual malice. Said statements of Defendants maligned Plaintiff in his trade, business, and profession, and Defendants made said statements with

the intent so to malign Plaintiff.

64. The defamatory oral statements of Defendants as set forth hereinabove regarding Plaintiff were intended to disgrace him, lower him among his colleagues, malign him in his profession, and bring him into contempt and ridicule.

65. The defamatory oral statements of Defendants regarding Plaintiff constituted slander per se.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for:

    (a)  back pay, including interest;

    (b)  compensatory damages, including damages for emotional and physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary damages;

    (c)  punitive damages;

    (d)  pre-judgment and post-judgment interest;

    (e)  attorney's fees;

    (f)  reinstatement or, if not available, front pay; and

    (g)  any other relief that this Court deems just.

SCHMITTINGER & RODRIGUEZ, P.A.

BY: _____
    NOEL E. PRIMOS, ESQUIRE
    Bar I.D. #3124
    414 S. State Street
    P.O. Box 497
    Dover, DE   19903
    (302) 674-0140
    Attorneys for Plaintiff

DATED: 11-26-07
NEP:cef

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CYRIL MADUKWE, | * | |
| | * | |
| Plaintiff, | * | C.A. No.: |
| | * | |
| v. | * | |
| | * | |
| DELAWARE STATE UNIVERSITY, | * | |
| an institution of higher | * | NOTICE |
| education and corporate body; | * | |
| FINANCIAL AID SERVICES, INC., | * | |
| a foreign corporation; ALLEN | * | |
| L. SESSOMS, individually and | * | |
| in his official capacity as | * | |
| President of Delaware State | * | |
| University; MARK FARLEY, | * | |
| individually and in his | * | |
| official capacity as Vice | * | |
| President for Human Resources | * | |
| and Legislative Affairs of | * | |
| Delaware State University; | * | |
| CAROLYN CURRY, individually | * | |
| and in her official capacity | * | |
| as Vice President for | * | |
| Institutional Advancement of | * | |
| Delaware State University; | * | |
| DARYLANN THOMAS, individually | * | |
| and in her official capacity | * | |
| as Interim Assistant Vice | * | |
| President for Enrollment | * | |
| Services of Delaware State | * | |
| University; and PENELOPE | * | |
| HOWE, individually and in her | * | |
| official capacity as Assistant | * | |
| Vice President for Business | * | |
| and Finance of Delaware State | * | |
| University, | * | |
| | * | |
| Defendants. | * | |

TO: FINANCIAL AID SERVICES, INC.
    ATTN: DAVID GRAY, PRESIDENT
    180 INTERSTATE NORTH PARKWAY
    SUITE 550
    ATLANTA, GA 30339

**PLEASE TAKE NOTICE** that the originals of the enclosed Notice, Summonses, Sheriff's Return, Complaint, Civil Cover Sheet, and Cover Letter were served upon the Secretary of State for the State of Delaware, on the 3rd day of December A.D., 2007, pursuant to 10 Delaware Code  3104.

Service on the Secretary of State, pursuant to 10 <u>Delaware Code</u> 3104, is as effectual to all intents and purposes as if it had been made upon you personally within the State of Delaware.

SCHMITTINGER & RODRIGUEZ, P.A.

BY: _____
NOEL E. PRIMOS, ESQUIRE
Bar I.D. #3124
414 S. State Street
P.O. Box 497
Dover, DE 19903
(302) 674-0140
Attorneys for Plaintiff

DATED:
NEP:wsm

# EXHIBIT
# C

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Financial Aid Services, Inc.
Attn: David Gray, President
180 Interstate North Parkway
Suite 550
Atlanta, GA 30339

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _[signature]_    ☐ Agent    ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?    ☐ Yes
   If YES, enter delivery address below:    ☐ No

3. Service Type
   ☐ Certified Mail    ☐ Express Mail
   ☒ Registered    ☐ Return Receipt for Merchandise
   ☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)    RR 442 561 435 US

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

UNITED STATES POSTAL SERVICE

| First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10 |

• Sender: Please print your name, address, and ZIP+4 in this box •

Noel E. Primos, Esquire
410 S. State Street
Dover, DE 19901



RECEIVED
DEC 1 7 2007
By_____

# EXHIBIT
# D

| Registered No. | | | | Date Stamp |
|---|---|---|---|---|
| RR 442 561 485 US | | | | |
| Reg. Fee | $9.50 | | | 0901 |
| Handling Charge | $0.00 | Return Receipt | $2.15 | 10 |
| Postage | $2.33 | Restricted Delivery | $0.00 | 12/05/07 |
| Received by | | | | |

To Be Completed By Post Office

Domestic Insurance up to $25,000 is included in the fee. International Indemnity is limited. (See Reverse).

| Customer Must Declare Full Value $ | $0.00 | ☐ With Postal Insurance |
|---|---|---|
| | | ☑ Without Postal Insurance |

**OFFICIAL USE**  *Medaliee C.*

To Be Completed By Customer (Please Print) All Entries Must Be in Ballpoint or Typed

FROM
Noel E. Primos, Esquire
410 S. State Street
Dover, DE 19901

TO
Financial Aid Services
Attn: David Gray, President
180 Interstate North Parkway, Suite 550
Atlanta, GA 30339

PS Form **3806**,      **Receipt for Registered Mail**      Copy 1 - Customer
May 2004 (7530-02-000-9051)                    (See Information on Reverse)
For domestic delivery information, visit our website at *www.usps.com* ®