IN THE UNTIED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CYRIL MADUKWE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No.  07-775 *** - LPS |
| | ) | |
| DELAWARE STATE UNIVERSITY, | ) | |
| an institution of higher education and | ) | |
| corporate body; | ) | |
| FINANCIAL AID SERVICES, INC., | ) | |
| a foreign corporation; | ) | |
| ALLEN L. SESSOMS, individually and | ) | |
| in his official capacity and as President of | ) | |
| Delaware State University; | ) | |
| MARK FARLEY, individually and | ) | |
| in his official capacity as Vice President | ) | |
| for Human Resources and Legislative | ) | |
| Affairs of Delaware State University; | ) | |
| CAROLYN CURRY, | ) | |
| individually and in her official capacity | ) | |
| as Vice President for Institutional | ) | |
| Advancement of Delaware State University; | ) | |
| DARYLANN THOMAS, individually and | ) | |
| in her official capacity as Interim Assistant | ) | |
| Vice President for Enrollment Services of | ) | |
| Delaware State University; | ) | |
| PENELOPE HOWE, individually and | ) | |
| in her official capacity as Assistant Vice | ) | |
| President for Business and Finance | ) | |
| of Delaware State University, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER TO COMPLAINT

Defendant Delaware State University ("the University") and individual defendants Allen Sessoms, Mark Farley, Carolyn Curry, and Penelope Howe (collectively the "Individual Defendants") hereby respond to the Complaint filed in the above captioned matter as follows:

1. The University and the Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

2. The University and the Individual Defendants admit the allegations contained in this paragraph.

3. The University and the Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

4. The University and the Individual Defendants admit that Dr. Allen Sessoms is the President of Delaware State University and that Dr. Sessoms is an African American male. The remainder of the allegations contained in this paragraph are denied.

5. The University and the Individual Defendants admit that Mark Farley is the Vice President of Human Resources and Legislative Affairs for Delaware State University and that Mr. Farley is a Caucasian American male. The remainder of the allegations contained in this paragraph are denied.

6. The University and the Individual Defendants admit that Carolyn Curry is the Vice President of Institutional Advancement for Delaware State University and that Ms. Curry is a Caucasian American female. The remainder of the allegations contained in this paragraph are denied.

7. The University and the Individual Defendants admit that Daryann Thomas was an employee of Financial Aid Services, Inc. and that Ms. Thomas is a Caucasian American female. The remainder of the allegations contained in this paragraph are denied.

8. The University and the Individual Defendants admit that Penelope Howe was formerly the Assistant Vice President of Business and Finance for Delaware State University and

that Ms. Howe is a Caucasian American female. The remainder of the allegations contained in this paragraph are denied.

9. The allegations contained in this paragraph contain conclusions of law to which no responsive pleading is required.

10. The allegations contained in this paragraph contain conclusions of law to which no responsive pleading is required.

11. The University and the Individual Defendants admit that Plaintiff is a black male whose national origin is Nigerian and who was formerly employed by Delaware State University. The remainder of the allegations contained in this paragraph state conclusions of law to which no response is required. To the extent such allegations are deemed to require a response, such allegations are denied.

12. The University and the Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

13. The University and the Individual Defendants admit that Plaintiff filed a charge of discrimination with the Delaware Department of Labor and the Equal Employment Opportunity Commission. The remainder of the allegations contained in this paragraph are denied.

14. The University and the Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

15. The allegations contained in this paragraph are admitted.

16. The allegations contained in this paragraph are admitted.

17. The allegations contained in this paragraph are denied.

18. The allegations contained in this paragraph are denied.

19. The University and the Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

20. The allegations contained in this paragraph are denied.

21. The allegations contained in this paragraph are denied.

22. The University and the Individual Defendants admit that Plaintiff was employed as a financial aid officer for several consecutive one-year terms with the University. The remainder of the allegations contained in this paragraph are denied.

23. The allegations contained in this paragraph are denied.

24. The allegations contained in this paragraph are denied.

25. The allegations contained in this paragraph are denied.

26. The allegations contained in this paragraph are denied.

27. The allegations contained in this paragraph are denied.

28. The allegations contained in this paragraph are denied.

29. The University and the Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

30. The allegations contained in this paragraph are denied.

31. The University and the Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

32. The University and the Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

33. The allegations contained in this paragraph are denied.

34. The allegations contained in this paragraph are denied.

35. The allegations contained in this paragraph are denied.

36. The University and the Individual Defendants admit that Plaintiff was terminated for cause on September 26, 2006. The remainder of the allegations contained in this paragraph are denied.

37. The allegations contained in this paragraph are denied.

38. The allegations contained in this paragraph are denied.

39. The allegations contained in this paragraph are denied.

40. The allegations contained in this paragraph are denied.

41. The allegations contained in this paragraph are denied.

42. The allegations contained in this paragraph are denied.

## COUNT I – TITLE VII

43. The University and the Individual Defendants incorporate herein their responses to paragraphs 1 through 42.

44. The allegations contained in this paragraph are denied.

45. The allegations contained in this paragraph are denied.

46. The allegations contained in this paragraph are denied.

## COUNT II – SECTION 1981

47. The University and the Individual Defendants incorporate herein their responses to paragraphs 1 through 46.

48. The allegations contained in this paragraph are denied.

## COUNT III – SECTION 1983

49. The University and the Individual Defendants incorporate herein their responses to paragraphs 1 through 48.

50. The allegations contained in this paragraph are denied.

51. The allegations contained in this paragraph are denied.

## COUNT IV – BREACH OF CONTRACT

52. The University and the Individual Defendants incorporate herein their responses to paragraphs 1 through 51.

53. The allegations contained in this paragraph are denied.

54. The allegations contained in this paragraph are denied.

55. The allegations contained in this paragraph are denied.

## COUNT V – TORTIOUS INTERFERENCE WITH CONTRACT

56. The University and the Individual Defendants incorporate herein their responses to paragraphs 1 through 55.

57. The University and the Individual Defendants are not required to respond to the allegations contained in this paragraph.

58. The University and the Individual Defendants are not required to respond to the allegations contained in this paragraph.

## COUNT VI - SLANDER

59. The University and the Individual Defendants incorporate herein their responses to paragraphs 1 through 58.

60. The allegations contained in this paragraph are denied.

61. The allegations contained in this paragraph are denied.

62. The allegations contained in this paragraph are denied.

63. The allegations contained in this paragraph are denied.

64. The allegations contained in this paragraph are denied.

65. The allegations contained in this paragraph are denied.

## FIRST AFFIRMATIVE DEFENSE

Each and every Count of Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Defendants' conduct toward and treatment of Plaintiff was at all times based upon reasonable, legitimate, and non-discriminatory business reasons.

## THIRD AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by the applicable statutes of limitations.

## FOURTH AFFIRMATIVE DEFENSE

The University had an effective harassment, discrimination and retaliation policy in place at the time of the incidents set forth in the Complaint, which Plaintiff failed to utilize to alleviate himself of the alleged harassing and/or discriminatory behavior.

## FIFTH AFFIRMATIVE DEFENSE

Any injury allegedly suffered by Plaintiff does not constitute emotional distress.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate any damages he alleged he has suffered.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has sustained no damages, no financial loss or any other injury.

### NINTH AFFIRMATIVE DEFENSE

Expressly denying any wrongdoing on its part and expressly denying that Plaintiff has been damaged as alleged, the University asserts that Plaintiff is not entitled to recover attorneys' fees, expenses or costs.

WHEREFORE, Defendants Delaware State University and the Individual Defendants respectfully request that this Court enter judgment in its favor and against plaintiff:

    (a)    Dismissing the complaint with prejudice;

    (b)    Awarding it costs and attorneys fees; and

    (c)    Granting such other and further relief as the Court deems just and proper.

POTTER ANDERSON & CORROON LLP

By: /s/ Kathleen Furey McDonough
    Kathleen Furey McDonough (#2395)
    Sarah E. DiLuzio (#4085)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    P.O. Box 951
    Wilmington, Delaware 19801
    (302) 984-6000

Dated: December 21, 2007
836320

Attorneys for Defendants
Delaware State University, Allen Sessoms, Mark Farley, Carolyn Curry and Penelope Howe

## CERTIFICATE OF SERVICE

I hereby certify this 21st day of December that the foregoing was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the following counsel of record that the document is available for viewing and downloading from CM/ECF:

Noel E. Primos, Esquire
Schmittinger & Rodriguez, P.A.
414 S State Street
P.O. Box 497
Dover, Delaware 19903

*/s/ Kathleen Furey McDonough*
Kathleen Furey McDonough (#2395)
POTTER ANDERSON & CORROON LLP
1313 North Market Street
Hercules Plaza, 6th Floor
Wilmington, DE 19801
(302) 984-6000
kmcdonough@potteranderson.com