**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| CYRIL MADUKWE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| DELAWARE STATE UNIVERSITY, | : | |
| an institution of higher education and | : | |
| corporate body; | : | |
| FINANCIAL AID SERVICES, INC., | : | |
| a foreign corporation; | : | |
| ALLEN L. SESSOMS, individually and | : | |
| in his official capacity as President of | : | |
| Delaware State University; | : | |
| MARK FARLEY, individually and in his | : | |
| official capacity as Vice President for | : | |
| Human Resources and Legislative Affairs; | : | |
| CAROLYN CURRY, individually and | : | |
| in her official capacity as Vice President | : | |
| for Institutional Advancement of | : | |
| Delaware State University; | : | |
| DARYLANN THOMAS, individually | : | |
| and in her official capacity as Interim | : | |
| Assistant Vice President for Enrollment | : | |
| Services of Delaware State University; | : | |
| PENELOPE HOWE, individually and in | : | |
| her official capacity as Assistant Vice | : | |
| President for Business and Finance of | : | |
| Delaware State University, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | C.A. No. 07-775 ***-LPS |

**ANSWER TO COMPLAINT**

Financial Aid Services, Inc. and Darylann Thomas, by their counsel, White and Williams

LLP, hereby respond to the Complaint filed in the above-captioned matter as follows:

1.    Financial Aid Services, Inc. ("**FAS**") and Ms. Thomas are without information or knowledge sufficient to form a belief as to the truth of the allegations contained within paragraph 1 of the Complaint.

2.    FAS and Ms. Thomas admit the allegations contained within paragraph 2 of the Complaint.

3.    FAS and Ms. Thomas admit that FAS has a principal place of business located at 180 Interstate North Parkway, Suite 550, Atlanta, Georgia 30339.  The remainder of the allegations contained within paragraph 3 of the Complaint contain conclusions of law to which no response is required.  To the extent a response is deemed required, the remainder of the allegations contained within paragraph 3 of the Complaint are denied.

4.    FAS and Ms. Thomas admit that Allen L. Sessoms is the President of Delaware State University and that President Sessoms is an African-American male.  The remainder of the allegations contained within paragraph 4 of the Complaint contain conclusions of law to which no response is required.  To the extent a response is deemed required, the remainder of the allegations contained within paragraph 4 of the Complaint are denied.

5.    FAS and Ms. Thomas admit that Mark Farley is the Vice President for Human Resources and Legislative Affairs for Delaware State University and that Mr. Farley is a Caucasian-American male.  The remainder of the allegations contained within paragraph 5 of the Complaint contain conclusions of law to which no response is required.  To the extent a response is deemed required, the remainder of the allegations contained within paragraph 5 of the Complaint are denied.

6.    FAS and Ms. Thomas admit that Carolyn Curry is the Vice President of Institutional Advancement for Delaware State University and that Ms. Curry is a Caucasian-

American female.  The remainder of the allegations contained within paragraph 6 of the Complaint contain conclusions of law to which no response is required.  To the extent a response is deemed required, the remainder of the allegations contained within paragraph 6 of the Complaint are denied.

7.     FAS and Ms. Thomas admit that Ms. Thomas is an employee of FAS and a Caucasian-American female.  The remainder of the allegations contained within paragraph 7 of the Complaint contain conclusions of law to which no response is required.  To the extent a response is deemed required, the remainder of the allegations contained within paragraph 7 of the Complaint are denied.

8.     FAS and Ms. Thomas admit that Penelope Howe was formerly the Assistant Vice President of Business and Finance for Delaware State University and that Ms. Howe is a Caucasian-American female.  The remainder of the allegations contained within paragraph 8 of the Complaint contain conclusions of law to which no response is required.  To the extent a response is deemed required, the remainder of the allegations contained within paragraph 8 of the Complaint are denied.

9.     The allegations contained within paragraph 9 of the Complaint contain conclusions of law to which no response is required.

10.    The allegations contained within paragraph 10 of the Complaint contain conclusions of law to which no response is required.

11.    FAS and Ms. Thomas admit that Plaintiff is a black male whose national origin is Nigerian and who was formerly employed by Delaware State University.  The remainder of the allegations contained within paragraph 11 of the Complaint contain conclusions of law to which

PHLDMS1 3842912v.1

no response is required.  To the extent a response is deemed required, the remainder of the allegations contained within paragraph 11 of the Complaint are denied.

12.    FAS and Ms. Thomas are without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 12 of the Complaint.

13.    FAS and Ms. Thomas admit that Plaintiff filed a charge of discrimination with the Delaware Department of Labor and the Equal Employment Opportunity Commission.  The remainder of the allegations contained within paragraph 13 of the Complaint are denied.

14.    FAS and Ms. Thomas are without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 14 of the Complaint.

15.    FAS and Ms. Thomas admit the allegations contained within paragraph 15 of the Complaint.

16.    FAS and Ms. Thomas admit the allegations contained within paragraph 16 of the Complaint.

17.    FAS and Ms. Thomas deny the allegations contained within paragraph 17 of the Complaint.

18.    FAS and Ms. Thomas deny the allegations contained within paragraph 18 of the Complaint.

19.    FAS and Ms. Thomas are without information or knowledge sufficient to form a belief as to the allegations contained within paragraph 19 of the Complaint.

20.    FAS and Ms. Thomas deny the allegations contained within paragraph 20 of the Complaint.

21.    FAS and Ms. Thomas deny the allegations contained within paragraph 21 of the Complaint.

22.     FAS and Ms. Thomas are without information or knowledge sufficient to form a belief as to the allegations contained within paragraph 22 of the Complaint.

23.     FAS and Ms. Thomas are without information or knowledge sufficient to form a belief as to the allegations contained within paragraph 23 of the Complaint.

24.     FAS and Ms. Thomas deny the allegations contained within paragraph 24 of the Complaint.

25.     FAS and Ms. Thomas deny the allegations contained within paragraph 25 of the Complaint.

26.     FAS and Ms. Thomas deny the allegations contained within paragraph 26 of the Complaint.

27.     FAS and Ms. Thomas deny the allegations contained within paragraph 27 of the Complaint.

28.     FAS and Ms. Thomas deny the allegations contained within paragraph 28 of the Complaint.

29.     FAS and Ms. Thomas deny the allegations contained within paragraph 29 of the Complaint.

30.     FAS and Ms. Thomas deny the allegations contained within paragraph 30 of the Complaint.

31.     FAS and Ms. Thomas deny the allegations contained within paragraph 31 of the Complaint.

32.     FAS and Ms. Thomas deny the allegations contained within paragraph 32 of the Complaint.

33.     FAS and Ms. Thomas deny the allegations contained within paragraph 33 of the Complaint.

34.     FAS and Ms. Thomas deny the allegations contained within paragraph 34 of the Complaint.

35.     FAS and Ms. Thomas deny the allegations contained within paragraph 35 of the Complaint.

36.     FAS and Ms. Thomas admit that Plaintiff was terminated for cause on September 26, 2006.  The remainder of the allegations contained within paragraph 36 of the Complaint are denied.

37.     FAS and Ms. Thomas deny the allegations contained within paragraph 37 of the Complaint.

38.     FAS and Ms. Thomas deny the allegations contained within paragraph 38 of the Complaint.

39.     FAS and Ms. Thomas deny the allegations contained within paragraph 39 of the Complaint.

40.     FAS and Ms. Thomas deny the allegations contained within paragraph 40 of the Complaint.

41.     FAS and Ms. Thomas deny the allegations contained within paragraph 41 of the Complaint.

42.     FAS and Ms. Thomas deny the allegations contained within paragraph 42 of the Complaint.

PHLDMS1 3842912v.1

## COUNT I – TITLE VII

43.     FAS and Ms. Thomas incorporate their responses to the foregoing paragraphs of this Answer to Complaint as though fully set forth herein.

44.     FAS and Ms. Thomas deny the allegations contained within paragraph 44 of the Complaint.

45.     FAS and Ms. Thomas deny the allegations contained within paragraph 45 of the Complaint.

46.     FAS and Ms. Thomas deny the allegations contained within paragraph 46 of the Complaint.

## COUNT II – SECTION 1981

47.     FAS and Ms. Thomas incorporate their responses to the foregoing paragraphs of this Answer to Complaint as though fully set forth herein.

48.     FAS and Ms. Thomas deny the allegations contained within paragraph 48 of the Complaint.

## COUNT III – SECTION 1983

49.     FAS and Ms. Thomas incorporate their responses to the foregoing paragraphs of this Answer to Complaint as though fully set forth herein.

50.     FAS and Ms. Thomas deny the allegations contained within paragraph 50 of the Complaint.

51.     FAS and Ms. Thomas deny the allegations contained within paragraph 51 of the Complaint.

PHLDMS1 3842912v.1

## COUNT IV – BREACH OF CONTRACT

52.    FAS and Ms. Thomas incorporate their responses to the foregoing paragraphs of this Answer to Complaint as though fully set forth herein.

53.    FAS and Ms. Thomas deny the allegations contained within paragraph 53 of the Complaint.

54.    FAS and Ms. Thomas deny the allegations contained within paragraph 54 of the Complaint.

55.    FAS and Ms. Thomas deny the allegations contained within paragraph 55 of the Complaint.

## COUNT V – TORTIOUS INTERFERENCE WITH CONTRACT

56.    FAS and Ms. Thomas incorporate their responses to the foregoing paragraphs of this Answer to Complaint as though fully set forth herein.

57.    FAS and Ms. Thomas deny the allegations contained within paragraph 57 of the Complaint.

58.    FAS and Ms. Thomas deny the allegations contained within paragraph 58 of the Complaint.

## COUNT VI -- SLANDER

59.    FAS and Ms. Thomas incorporate their responses to the foregoing paragraphs of this Answer to Complaint as though fully set forth herein.

60.    FAS and Ms. Thomas deny the allegations contained within paragraph 60 of the Complaint.

61.    FAS and Ms. Thomas deny the allegations contained within paragraph 61 of the Complaint.

62.     FAS and Ms. Thomas deny the allegations contained within paragraph 62 of the Complaint.

63.     FAS and Ms. Thomas deny the allegations contained within paragraph 63 of the Complaint.

64.     FAS and Ms. Thomas deny the allegations contained within paragraph 64 of the Complaint.

65.     FAS and Ms. Thomas deny the allegations contained within paragraph 65 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

66.     Each and every Count of Plaintiff's Complaint fails to state a claim upon which relief may be granted against Financial Aid Services, Inc. and/or Darylann Thomas.

### SECOND AFFIRMATIVE DEFENSE

67.     Defendants' conduct toward and treatment of Plaintiff was at all times based upon reasonable, legitimate, and non-discriminatory business reasons.

### THIRD AFFIRMATIVE DEFENSE

68.     Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE

69.     Delaware State University had an effective harassment, discrimination and retaliation policy in place at the time of the incidents set forth in the Complaint, which Plaintiff failed to utilize to alleviate himself of the alleged harassing and/or discriminatory behavior.

### FIFTH AFFIRMATIVE DEFENSE

70.     Any injury allegedly suffered by Plaintiff does not constitute emotional distress.

PHLDMS1 3842912v.1

## SIXTH AFFIRMATIVE DEFENSE

71.    Plaintiff is not entitled to punitive damages.

## SEVENTH AFFIRMATIVE DEFENSE

72.    Plaintiff has failed to mitigate his damages, if any.

## EIGHTH AFFIRMATIVE DEFENSE

73.    Plaintiff has sustained no damages, no financial loss or any other injury.

## NINTH AFFIRMATIVE DEFENSE

74.    Expressly denying any wrongdoing on their part and expressly denying that Plaintiff has been damaged as alleged, Financial Aid Services, Inc. and Ms. Thomas assert that Plaintiff is not entitled to recover attorneys' fees, expenses or costs.

**WHEREFORE**, Financial Aid Services, Inc. and Darylann Thomas respectfully request that this Court enter judgment in their favor and against Plaintiff:

(a)    Dismissing the Complaint with prejudice;

(b)    Awarding costs and attorneys' fees to Financial Aid Services, Inc. and Darylann Thomas; and

(c)    Granting such other and further relief as the Court deems just and proper.

Dated: January 4, 2008                      **WHITE AND WILLIAMS LLP**

By: /s/ Marc S. Casarino
Marc S. Casarino (DE No. 3613)
824 N. Market Street, Suite 902
Wilmington, DE 19801
Telephone:    302-467-4520
Facsimile:    302-467-4550
casarinom@whiteandwilliams.com

Attorneys for Defendants *Financial Aid Services, Inc. and Darylann Thomas*

-10-