NICHOLAS H. RODRIGUEZ
JOHN J. SCHMITTINGER
DOUGLAS B. CATTS
WILLIAM D. FLETCHER, JR.
CRAIG T. ELIASSEN
WILLIAM W. PEPPER SR.
CRYSTAL L. CAREY*
SCOTT E. CHAMBERS*
FRED A. TOWNSEND III
NOEL E. PRIMOS
DAVID A. BOSWELL
WALT F. SCHMITTINGER
R. SCOTT KAPPES
JEFFREY J. CLARK
KYLE KEMMER
KATHRYN J. GARRISON
ERIN K. FITZGERALD
KRISTI N. VITOLA
B. BRIAN BRITTINGHAM

*ALSO ADMITTED IN MARYLAND

LAW OFFICES
## SCHMITTINGER AND RODRIGUEZ, P.A.
414 SOUTH STATE STREET
POST OFFICE BOX 497
DOVER, DELAWARE 19901
TELEPHONE 302-674-0140
FAX 302-674-1830

HAROLD SCHMITTINGER
1928 - 2008

MICHELE PROCINO-WELLS
OF COUNSEL

NEWARK OFFICE
CHRISTIANA EXECUTIVE CAMPUS
220 CONTINENTAL DRIVE, STE 203
NEWARK, DELAWARE 19713
TELEPHONE 302-894-1960
FAX 302-894-1965

REHOBOTH BEACH OFFICE
WACHOVIA BANK BUILDING
18489 COASTAL HIGHWAY, 2ND FLR
REHOBOTH BEACH, DELAWARE 19971
TELEPHONE 302-227-1400
FAX 302-645-1843

MIDDLETOWN OFFICE
651 N. BROAD STREET, STE 104
MIDDLETOWN, DELAWARE 19709
TELEPHONE 302-378-1697
FAX 302-378-1659

April 22, 2008

The Honorable Leonard P. Stark
United States District Court
844 N. King Street, Lock Box 26
Wilmington, DE 19801

**VIA ELECTRONIC FILING**

RE:  Cyril Madukwe v. Delaware State University, et al.
     C.A. No. 07-775-GMS-LPS
     Angele A. Ozoemalam v. Delaware State University, et al.
     C.A. No. 07-804-SLR-LPS

Dear Magistrate Judge Stark:

On April 18, 2008, oral argument was held before Your Honor on two Motions to Disqualify filed by Delaware State University and certain related parties in the above-referenced cases. On April 21, 2008, the Court issued an Order directing that the parties file letter briefs addressing the applicability, if any, of United States v. Gordon, 334 F.Supp.2d 581 (D.Del. 2004), to the Motions to Disqualify, and particularly to the issue of whether Defendants waived their ability to assert a conflict of interest. This is the letter brief in response to the Court's Order on behalf of Plaintiffs Cyril Madukwe and Angele A. Ozoemalam.

It is Plaintiffs' position that the Gordon case is not applicable to Defendants' pending motions because it is factually distinct. When this Court addressed the issue of waiver, at pages 595 to 596, it addressed only whether New Castle County had affirmatively waived the conflict of interest through the letter written by Mr. Mullaney, the County attorney. The Court did not address the

April 22, 2008
Page 2

issue of whether the former client, New Castle County, had waived the conflict through its own delay, presumably because the issue was not raised by any of the parties.

Of course, Defendant Freebery's attorney, Mr. Fox, did raise the issue of the United States' delay in pursuing the conflict of interest during the pre-litigation criminal investigation. 334 F.Supp.2d at 584. The United States, however, could not waiver any conflict through its actions or inaction, because New Castle County, not the United States, was the former client. Again, in Gordon, the issue was whether New Castle County had affirmatively waived the conflict.

This Court's decision in Conley v. Chaffinch, 431 F.Supp.2d 494 (D.Del. 2006), decided after Gordon, is far more on point factually. In Conley, the former client waited more than eight months after learning of the representation of the adverse party by her former attorney before raising the issue. Similarly, in this case, the former client, Delaware State University ("DSU"), waited more than 14 months after learning of the conflict to either pursue the matter after receiving a clear response from Plaintiff's counsel that there was no conflict (the Ozoemalam case), or to raise the potential conflict at all (the Madukwe case). In this case, as in Conley, there was no alleged affirmative waiver, as in Gordon, but a waiver by delay and apparent acquiescence in the representation of both Plaintiffs by Schmittinger and Rodriguez ("S&R").

An additional factor distinguishing the instant case from Gordon is that in Gordon, the attorney in question had actually represented the former client, New Castle County, in proceedings involving the current client, Ms. Freebery. Indeed, the attorney in question had represented both New Castle County and Freebery with respect to the grand jury investigation. 334 F.Supp.2d at 583. Even in Conley, where this Court refused to disqualify the attorney whose representation was challenged, the attorney had represented the former client in disciplinary proceedings before the same entity (the Delaware State Police) directed by the attorney's current client.

By contrast, S&R **never** represented DSU in any matters related to the employment of Ms. Ozoemalam or Mr. Madukwe. Defendants have yet to explain how S&R's prior representation of DSU in completely unrelated employment matters could have provided it with confidential information that it can now use against DSU in the Ozoemalam and Madukwe cases. To rule that there is a substantial relationship here, without a showing of how confidences from the former relationship could be used to give Plaintiffs an unfair advantage in the current litigation, would eviscerate the proper boundaries of Rule 1.9 as explained in comment 2 to the Rule.

April 22, 2008
Page 3

Should the Court desire any further clarification of the matters raised in the briefing, at oral argument, or in this supplemental briefing, the undersigned stands ready to provide it.

Very truly yours,

NOEL E. PRIMOS
Bar I.D. #3124

NEP:pmw
cc: Kathleen Furey McDunough, Esquire
    Marc Stephen Casarino, Esquire