

Potter
Anderson
&Corroon LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

Sarah E. DiLuzio
Attorney at Law
sdiluzio@potteranderson.com
302 984-6279 Direct Phone
302 658-1192 Fax

April 23, 2008

**By CM/ECF**

The Honorable Leonard P. Stark
United States District Court
844 King Street, Lock Box 26
Wilmington, Delaware 19801

Re:   *Madukwe v. Delaware State Univ., et. al.*, C.A. No. 07-775 (GMS/LPS)
      *Ozoemelam v. Delaware State Univ., et. al.*, C.A. No. 07-804 (SLR/LPS)

Dear Judge Stark:

    Pursuant to the Court's Order of April 21, 2008, please allow this letter to serve as
Defendant Delaware State University's supplemental brief in further support of its motions to
disqualify plaintiff's counsel in the above-referenced matters.

Brief Background Facts

    Both Mr. Madukwe and Ms. Ozoemelam were terminated from employment with
Delaware State University (the "University") on September 26, 2006.  Although the timing of
events is nearly identical for both plaintiffs, neither their employment, nor termination from
employment, were otherwise related.  Following their respective terminations, plaintiffs were
afforded review of that decision through the University's grievance procedure, in accordance
with its Professional Employee Handbook.  Apparently, both plaintiffs retained Schmittinger &
Rodriguez, P.A. ("S&R") shortly thereafter.  Indeed, Mr. Rodriguez accompanied Ms.
Ozoemelam to her initial grievance hearing on October 20, 2006.

    Once it was aware of S&R's representation of Ms. Ozoemelam, the University
immediately notified Mr. Rodriguez that it considered his representation of the plaintiff to be a
conflict of interest given the fact that S&R had been the University's labor and employment
counsel for decades.  (See Mr. Casarino's 10/25/06 letter to Mr. Rodriguez, attached as Ex. D to
Noel Primos' Affidavit (D.I. 32).)  Mr. Rodriguez responded by letter dated October 27, 2006,
indicating that he did not consider his firm's representation of Ms. Ozoemelam to present a
conflict of interest.  (Attached as Ex. E to Mr. Primos' Affidavit.)  Mr. Primos was a joint
signatory to that letter.  Mr. Rodriguez's letter left little doubt that further entreaties for S&R to
voluntarily withdrawal would have been futile.  Nor was there any reason for the University to
believe that S&R's position would have been different with regard to their representation of Mr.
Madukwe, which raised the exact same ethical considerations.

The Honorable Leonard P. Stark
April 23, 2008
Page 2

<u>The University Has Not Waived Its Ability to Object to S&R's Conflict of Interest</u>

As the Court has recognized, the case of *United States v. Gordon,* 334 F.Supp.2d 581 (D. Del. 2004) is instructive on this point. Although *Gordon* was a criminal case, therefore implicating slightly different rules, it makes clear that a delay between initial, pre-Complaint proceedings and the commencement of litigation in this Court is not a delay that is sufficient or substantive enough to waive a party's ability to object to the conflict of interest of opposing counsel.

In *Gordon,* Mr. Fox acted as counsel for New Castle County in connection with the United States' government's initial investigation of then-County Executive Thomas Gordon and his Chief Administrative Officer, Sherry Freebery. *Id.* at 583. Shortly after the investigation began, Mr. Fox began to represent Ms. Freebery personally. *Id.* The United States Attorney spoke with Mr. Fox at the start of the investigation and made clear that the government believed the County and Ms. Freebery (and Mr. Gordon) should have separate representation. *Id.* at 584. After Ms. Freebery was indicted, Mr. Fox moved to be admitted to this Court *pro hac vice* in order to continue to represent Ms. Freebery during the criminal proceedings. The government, several citizens groups, and three County Council Members objected to the motion, arguing that Mr. Fox was conflicted. Ultimately, this Court agreed, and denied the motion for his *pro hac vice* admission.[1]

One of the arguments advanced by Mr. Fox in support of his motion was that the government waited too long to assert its objection and therefore waived its ability to do so. *Gordon,* 334 F.Supp.2d at 597. The delay between the investigation and indictment (equivalent to a civil complaint in this Court) was approximately two years. Mr. Fox argued that, during that time, "no one ever suggested" that he had a conflict. The Court rejected that argument, finding that "there were other direct communications demonstrating that Mr. Fox was well aware that this was an issue from the start." *Id.*

As in *Gordon,* in the cases at issue here there is no question that S&R was on notice from the very beginning of their representation that the University believed they had a conflict of interest. They nonetheless proceeded to represent the plaintiffs through preliminary, investigative processes – much like the criminal investigation process that took place in *Gordon.* Recognizing the "dark shadow" that would be cast over that matter if Mr. Fox's representation continued, the Court went so far as to state that it would have disallowed the representation even if the government had not previously raised the issue. *Id.* at 597. Given the uncontroverted evidence of S&R's long-standing and comprehensive representation of the University in labor

---

[1] The University assumes that the reason counsel's research on the disqualification issue did not lead to the discovery of the *Gordon* case is that the *Gordon* case arose in the context of a pro hac vice motion. In any event, counsel apologizes to the Court for not addressing *United States v. Gordon* in its prior briefing.

The Honorable Leonard P. Stark
April 23, 2008
Page 3

and employment matters, including their assistance in drafting some of the employment policies at issue and recent review of the University's risk management strategies, a similar "dark shadow" would linger over these matters should S&R be permitted to continue representation of the plaintiffs.

Moreover, in *Gordon*, the Court effectively required Mr. Fox's withdrawal even though it worked a financial hardship upon Ms. Freebery. *Id.* at 596. Plaintiffs here have advanced no argument that they will suffer a financial hardship, or even be significantly prejudiced, by S&R's disqualification. Indeed, as the Court noted at oral argument, it is often the case that plaintiffs are represented by one counsel at the outset of a matter, who are later replaced by different counsel later in the litigation.

Finally, in contrast to the University's steadfast belief that S&R's representation of plaintiffs is unethical, the former client in *Gordon* (New Castle County) took steps to affirmatively waive any conflict. Although the Court determined that those efforts were ineffective, the evidence was clear that the individuals then in control of the County consented to Mr. Fox's representation of Ms. Freebery. *Gordon*, 334 F.Supp.2d at 595-596. The University has never been asked to, nor would it, consent to S&R's representation of the plaintiffs.

As demonstrated above, any waiver issue presented in the *Ozoemelam* and *Madukwe* cases is much more akin to the *Gordon* waiver issue than in the case of *Conley v. Chaffinch*, 431 F.Supp.2d 494 (D. Del. 2006), which is relied on by plaintiffs. In *Conley*, the action was pending before this Court for nearly nine months, through the entire discovery process, before the former client raised any objection. Indeed, upon discovering the potential conflict, plaintiff indicated she had no problem with her former counsel's representation of the opposing party. *Id.* at 500. Such is not the case here. The University took immediate, reasonable steps to put S&R on notice of its conflict of interest and never waivered from that position. As soon as the parties were before this Court, and an appropriate remedy was available to correct the conflict, the University sought it promptly.

Counsel are available at the Court's convenience if Your Honor wishes to discuss the foregoing.

Respectfully,

Sarah DiLuzio

Sarah E. DiLuzio
(Delaware Bar I.D. 4085)

cc: Clerk of the Court (by CM/ECF)
    Noel E. Primos, Esquire (by CM/ECF)
    Marc S. Casarino, Esquire (by CM/ECF)
861142